**IN THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No. 23-cv-61603

**PHILANA HOLMES** and **HUMBERTO CARABALLO ESTEVEZ**, as Mother and Father and Next Friends of **O.V.C.**, a minor child,

    Plaintiffs,

v.

**McDONALD'S USA, LLC**, a foreign profit corporation,

    Defendant.

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Philana Holmes and Humberto Caraballo Estevez, as mother and father and next friends of O.V.C., a minor child, by and through undersigned counsel, sue Defendant, McDonald's USA, LLC, for equitable relief. In support, they state:

### BACKGROUND

1. Plaintiffs, Philana Holmes and Humberto Caraballo Estevez. are the mother, father, and next friends of O.V.C., a minor child. All three are residents of Broward County, Florida. Ms. Holmes and Mr. Estevez are *sui juris*.

2. Defendant, McDonald's USA, LLC ("Corporate McDonald's"), is a Delaware limited liability company. Its principal place of business is 110 N. Carpenter Street, Chicago, IL 60607. Corporate McDonald's has been registered in Florida since 2004 and, for years, has operated (and continues to operate) fast-food style McDonald's restaurants throughout the world, including Florida and this district.

3. Corporate McDonald's business is that of a franchisor-landlord who leases property to people or entities that agree to operate McDonald's restaurants in America (including Florida and this district) and abroad as franchisee-tenants in accordance with the terms of written contracts drafted by Corporate McDonald's.

*The Injury Event & Lawsuit*

4. Corporate McDonald's has had a contractual relationship with Upchurch Foods, Inc., a Florida corporation based in Tamarac, Florida, for several years. Upchurch Foods, Inc. operates several McDonald's restaurants throughout Florida and this district, including one at 7600 NW 57th Street, Tamarac, Florida 33321 ("Restaurant").

5. Chicken McNuggets are small, fried, boneless pieces of breaded chicken.

6. Happy Meals are a compilation of items intended for children that typically include a main food item (such as Chicken McNuggets), one or more side food items (such as french fries and/or apple slices), and a toy or other object intended to entertain or otherwise capture the attention of children all packaged within a special container (like a box). Happy Meals orders are customarily accompanied by a beverage of choice.

7. On August 21, 2019, Ms. Holmes ordered various items at the Restaurant's drive-thru, including a six-piece Chicken McNuggets Happy Meal for her daughter, O.V.C. An Upchurch Foods, Inc. employee handed Ms. Holmes that Happy Meal container; she, in turn, handed it to O.V.C. who was seated in a car seat behind her; and a Chicken McNugget within that Happy Meal burned O.V.C.'s left thigh.

8. The Happy Meal box that contained the Chicken McNugget that burned O.V.C. did not contain any written warning on it about the temperature of the food contents, that consumers should use caution when handling, or the risk of being burned.

9. Plaintiffs filed a personal injury lawsuit for money damages against Corporate McDonald's and Upchurch Foods, Inc. in the circuit court of Florida's 17th judicial circuit in and for Broward County (Case No. CACE-19-19340). ("Injury Lawsuit").

10. Plaintiffs sought money damages in the Injury Lawsuit.

11. Trial in the Injury Lawsuit was bifurcated into two phases.

12. On May 11, 2023, in Phase I of the Injury Lawsuit, a unanimous jury found that Corporate McDonald's "fail[ed] to provide reasonable instructions or warnings of foreseeable risks of harm from the Chicken McNuggets that made them unreasonably dangerous to O.V.C. which was a legal cause of loss, injury, or harm to O.V.C."

***McDonald's USA, LLC's Control***

13. Corporate McDonald's controls:

   a. whether and how a restaurant prepares, packages, and sells Chicken McNuggets;

   b. whether and how a restaurant prepares, packages, assembles, and sells Happy Meals;

   c. the design, layout, look, feel, layout, size, and material of Happy Meal containers provided to consumers at each restaurant, including, but not limited to, the words, colors, symbols, graphics, and writings on them, if any;

   d. whether any research, investigation, or evaluations are performed into consumer safety as it relates to Chicken McNuggets, their temperature, and minimizing the risk of burns;

   e. whether any research, investigation, or evaluations are performed into consumer safety as it relates to Happy Meals, including whether any

warnings should be placed on them, or how to minimize the risk of injury to children who handle the hot food products inside them;

*Corporate McDonald's & Warning Consumers*

14. Where Corporate McDonald's knows that beverages it sells (like coffee) are hot enough to burn consumers, it puts a written warning on those beverage containers.

15. Corporate McDonald's knows or should know that the most likely consumer of hot coffee is an adult, not a minor child.

16. Corporate McDonald's knew and knows, should have known and should know, and/or intended and intends for Chicken McNuggets in Happy Meals to be handled and consumed by children like O.V.C.

17. Corporate McDonald's knew and knows, should have known and should know, and/or intended and intends its restaurants, including the Restaurant, to prepare Chicken McNuggets in a way where they are hot enough to burn consumers.

18. Even still, Corporate McDonald's does not put any warnings Happy Meal boxes that contain Chicken McNuggets to advise the consumer to use caution or appreciate that their contents are hot enough to burn.

19. Corporate McDonald's failure (in the past, presently, and into the future) to provide reasonable instructions or warnings of foreseeable risks of harm on Happy Meal containers makes them unreasonably dangerous to consumers, including O.V.C.

## JURISDICTION

*Subject Matter Jurisdiction*

20. This Court has subject matter jurisdiction based on federal question and diversity principles, although only one path is necessary to sustain jurisdiction.

21.     **First**, this Court has federal question original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

22.     Under Sections 2201 and 2202 of Title 28, United States Code, district courts can declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought, in any case of actual controversy within its jurisdiction, and order further necessary or proper relief.

23.     **Second**, this Court has federal question original jurisdiction of all civil actions arising under the Constitution of the United States. 28 U.S.C. § 1331.

24.     Article 1, Section 8, Clause 3 of the United States Constitution gives Congress the power to regulate commerce between nations and among the several states. Id. ("The Commerce Clause").

25.     The Commerce Clause extends beyond just activities "in" interstate commerce to reach wholly local activities that nevertheless "substantially affect" interstate commerce. McLain v. Real Est. Bd. of New Orleans, Inc., 444 U.S. 232, 241-42 (1980).

26.     Corporate McDonald's engaged and engages in and/or substantially affected and affects interstate commerce when it designed(s), marketed(s), manufactured(s), distributed(s), and sold(ells) Chicken McNuggets Happy Meals at restaurants around the world, including Florida, this district, and the Restaurant.

27.     The people, materials, and processes involved in designing, researching, and producing Chicken McNuggets span more than one state or country.

28.     The people, materials, and processes involved in designing, researching, and producing containers intended to store Chicken McNuggets when they are provided to consumers span more than one state or country.

29. The people, materials, and processes involved in designing, researching, and producing Happy Meal containers span more than one state or country.

30. Although the Chicken McNugget Happy Meal provided to and burned O.V.C. was in Florida, that was the last stage in a stream of commerce for which the people, materials, and processes involved earlier in that stream of commerce were in other states and/or countries.

31. **Third**, this Court has diversity jurisdiction. 28 U.S.C. § 1332.

32. Plaintiffs are citizens and residents of Florida domiciled in Broward County, Florida, while Corporate McDonald's is a citizen and resident of Illinois, domiciled in Cook County, Illinois.

33. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. Hunt v. Washington State Apple Advert. Com'n, 432 U.S. 333, 347 (1977). This can include measuring the value of losses that will follow from enforcing a judgment. Id.

34. Here, the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) because the amount of money necessary to comply with any judgment (such as place written warnings on all Happy Meal containers sold after a date certain and/or recall any non-complaint Happy Meal containers without said warning) will cost Corporate McDonald's more than that minimum threshold amount.

35. This Court must measure the value of the object of this litigation solely from the Plaintiffs' perspective. Ericcson GE Mobil Comm's, Inc. v. Motorola Comm's & Elec., Inc., 120 F.3d 216, 218-19 (11th Cir. 1997) ("we conclude that this court's predecessor purposefully and conspicuously adopted the plaintiff-viewpoint rule.").

*Personal Jurisdiction*

36. This Court has personal jurisdiction over the Plaintiffs because they are residents of Florida and over Corporate McDonald's because there are sufficient minimum contacts with Florida to satisfy due process and Florida's long-arm statute.

37. Corporate McDonald's operates, conducts, engages in, or carries on its fast-food restaurant business in hundreds of restaurants operating in Florida alone, including the Restaurant in this district. This is substantial, not isolated, activity in Florida.

38. Corporate McDonald's committed a tortious act within Florida as it pertains to O.V.C. and the events underlying and litigated in the Injury Lawsuit.

39. Based on information and belief, Corporate McDonald's contracted to insure a person, property, or risk within Florida.

40. Corporate McDonald's caused an injury to persons within Florida arising out of one or more acts or omissions outside Florida while engaged in solicitation and/or service activities in Florida.

*41.* Corporate McDonald's caused an injury to persons within arising out of one or more acts or omission outside Florida where products, materials, or things processed, serviced, or manufactured by Corporate McDonald's were used or consumed in Florida in the ordinary course of commerce, trade, or use.

*Venue*

42. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district and at a property (to wit: the Restaurant) within this district. 28 U.S.C. § 1391(b)(2).

43. Venue is also proper because Corporate McDonald's is a resident of this district. It can sue and be sued in its common name under applicable law and this Court has personal jurisdiction over it. 28 U.S.C. § 1391(b)(2), (c)(2).

## COUNT I
(*Injunctive and Declaratory Relief*)

44. Plaintiffs re-alleged and incorporate preceding paragraphs 1 through 43 as if fully set forth in this count.

45. There is an actual controversy between the Plaintiffs and Corporate McDonald's concerning the latter's historical and ongoing failure to warn about a dangerous product (e.g., the risk of burns from Chicken McNuggets within Happy Meals, which are intended to be handled by children but knowingly prepared at a temperature hot enough to cause burns).

46. This Court can declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201. It can also provide further necessary or proper relief against any adverse party whose rights have been determined by such judgment. 22 U.S.C. § 2202.

47. Plaintiffs have a real and immediate threat of future injury that will be alleviated if the relief sought is provided.

48. Despite the burn event, Chicken McNugget Happy Meals continue to be one of the few things that O.V.C., a child with autism, specifically requests.

49. Thus, Ms. Holmes and/or Mr. Estevez have purchased Chicken McNugget Happy Meals for O.V.C. from other restaurants (not the Restaurant) since the burn event underlying the Injury Lawsuit and will continue to buy her Chicken McNugget Happy Meals from other McDonald's locations in the future.

50. When O.V.C. is able to purchase Chicken McNuggets Happy meals on her own, without parental assistance, she will continue to do so.

51. The Plaintiffs future purchases will take place in Florida (but not at the Restaurant) and likely in other states around the country from time to time.

52. While Plaintiffs will avoid the Restaurant, there are hundreds of other McDonald's restaurants around Florida so if Plaintiffs reasonably presume that the contents of a future purchase of a Chicken McNuggets Happy Meal might be safe to handle and touch quickly because it was prepared, packaged, and served by another McDonald's operator, in fact, it may present the same risks that caused O.V.C.'s burn as addressed in the Injury Lawsuit.

53. Corporate McDonald's issuance of warnings to consumers on the outside of Chicken McNuggets Happy Meal containers, similar to what it does on the outside of hot beverage containers, will remind Ms. Holmes, Mr. Estevez, and O.V.C. (especially once she's capable of purchasing them on her own) that the Chicken McNuggets inside are hot enough to burn and caution should be used when handling them.

54. A recall of containers without warnings will mitigate the risk that O.V.C. is burned from hot Chicken McNuggets again because containers with warnings will remind her and/or her parent(s) to take extra precautions before handling them or handing them to O.V.C.

55. Corporate McDonald's has taken insufficient corrective action concerning the product defect in how it sells Chicken McNugget Happy Meals without warnings.

WHEREFORE, the Plaintiff asks for a trial by jury on all issues so triable and issuance of a judgment for equitable relief as follows:

A. Declare that McDonald's USA, LLC's failure to provide reasonable instructions or warnings of foreseeable risks of harm from Chicken McNuggets placed inside a Happy Meal makes them unreasonably dangerous.

B. McDonald's USA, LLC must issue a nationwide recall of all Happy Meal containers that do not contain a written warning to consumers that reads: "CAUTION: Food contents inside this box may be hot enough to burn" (or something sufficiently similar); and/or

C. McDonald's USA, LLC must put a warning on all Happy Meal containers that reads: "CAUTION: Food contents inside this box may be hot enough to burn" (or something sufficiently similar).

Dated this 20th day of August, 2023.

Respectfully Submitted:

/s/ Jordan Redavid, Esq.
**JORDAN REDAVID, ESQ.**
Florida Bar No. 109227
*Lead Counsel for Plaintiffs*

Fischer Redavid PLLC
P.O. Box 530096
Atlanta, GA 30353
Phone: (954) 860-8434
Service@YourChampions.com